UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON MUIR AND STEPHANIE MUIR, | ) | |
|     *Appellants,* | ) | |
| | ) | |
|     *vs.* | ) | 1:14-cv-00212-JMS-TAB |
| | ) | |
| MATTHEW AND TARA MCWILLIAMS, | ) | |
|     *Appellees.* | ) | |

## ENTRY ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

Presently pending before the Court is an appeal by Aaron and Stephanie Muir. [Filing No. 1.] The Muirs appeal the Bankruptcy Court's January 16, 2014 Order finding that 11 U.S.C. § 523(a)(3)(B) applied to a claim asserted by Appellees Matthew and Tara McWilliams in Indiana state court such that the Bankruptcy Court and the Indiana state court had concurrent jurisdiction to determine whether the debt was dischargeable. The Bankruptcy Court declined to exercise concurrent jurisdiction, and dismissed an adversary proceeding that the Muirs had initiated in the Bankruptcy Court to determine dischargeability. For the reasons set forth below, the Court reverses the Bankruptcy Court's decision.

## I.
### STANDARD OF REVIEW

28 U.S.C. § 158(a) confers jurisdiction upon the district courts of the United States to hear appeals from final judgments, orders, and decrees of the bankruptcy courts. On appeal, "the district court…may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The district court will not set aside findings of fact unless clearly erroneous, *id.*, and "[a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Forsythe v. Yeley,*

508 B.R. 82, 84 (S.D. Ind. 2014) (citing *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010)).  The district court reviews questions of law de novo.  *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

## II.
### BACKGROUND

The following facts are taken from the Bankruptcy Court's January 16, 2014 Order, and are undisputed by the parties.  Where appropriate, additional details – which are also undisputed by the parties – have been added.

The McWilliams purchased a residential property from the Muirs in August 2011. [Filing No. 3-14 at 2.]  On April 10, 2012, the Muirs filed a Chapter 7 bankruptcy case.  [*In re Muir*, 12-04065-RLM (Bankr. S.D. Ind.), at Filing No. 1.]  The bankruptcy was a "no asset" case, and the Muirs received a discharge on July 17, 2012.  [Filing No. 3-14 at 2-3.]  In May 2013, after discovering mold in the basement of the home the Muirs had sold them, the McWilliams sued the Muirs in Allen County Superior Court for fraudulent concealment (the "State Court Action").  [Filing No. 3-14 at 2.]  The McWilliams alleged that the Muirs had made false and misleading written statements in their sellers' disclosure form.  [Filing No. 3-14 at 2.] The Muirs did not know about, or have notice of, any claim or potential claim by the McWilliams until the State Court Action was filed, which was nearly a year after their Chapter 7 discharge.

### A.  The First Adversary Proceeding

After the McWilliams filed the State Court Action, the Muirs reopened their bankruptcy case to add the McWilliams as creditors on their Schedule F.  [*In re Muir*, 12-04065-RLM-7 (Bankr. S.D. Ind.), at Filing No. 20, Filing No. 22.]  The Muirs also filed an adversary proceeding (the "First Adversary Proceeding") with the Bankruptcy Court, seeking damages against the

McWilliams for violating the post-bankruptcy discharge injunction by filing the State Court Action. [*See Muir v. Burt Blee Dixon Sutton & Bloom, LLP, et al.*, No. 13-50136 (Bankr. S.D. Ind.).] In the First Adversary Proceeding, the Muirs filed a motion requesting that the Bankruptcy Court stay proceedings in the State Court Action. [First Adversary Proceeding, at Filing No. 6.] The Bankruptcy Court denied that motion on August 16, 2013, finding that the State Court had concurrent jurisdiction to determine the dischargeability of the debt owed to the McWilliams. [Filing No. 4.] The Bankruptcy Court held that "a creditor's right to bring a timely nondischargeability action is such an important right that application of § 523(a)(3)(B) is not limited to where the omission from the schedules is intentional but includes inadvertent omissions," and that since the McWilliams had chosen State Court to litigate their claim against the Muirs, it was appropriate for the State Court to decide the issue.[1] [Filing No. 4 at 4-9.]

On August 23, 2013, the Muirs filed a Notice of Appeal relating to the Bankruptcy Court's August 16, 2013 denial of their motion to stay. [Filing No. 4-1.] On October 16, 2013, the Muirs voluntarily dismissed their appeal. [Filing No. 4-3.] The McWilliams then amended their Complaint in the State Court Action to include a claim of nondischargeability. [Filing No. 3-14 at 3.]

**B. The Second Adversary Proceeding**

In the meantime, on September 5, 2013 the Muirs filed another adversary proceeding (the "Second Adversary Proceeding") in Bankruptcy Court, seeking a declaratory judgment that any debt owed the McWilliams as asserted in the State Court Action had been discharged. [*See Muir v. McWilliams*, No. 13-50214 (Bankr. S.D. Ind.).] The Muirs filed a Motion for Summary Judgment, [Filing No. 3-1], and the McWilliams filed a Motion to Dismiss or Otherwise Stay the

---

[1] The Court notes that as of the date of the August 16, 2013 order, the McWilliams had not included a claim for nondischargeability in the State Court Action.

Second Adversary Proceeding, arguing that the State Court had already assumed jurisdiction to determine the issue of dischargeability pursuant to the Bankruptcy Court's August 16, 2013 Order, [Filing No. 3-4].

On January 16, 2014, the Bankruptcy Court granted the McWilliams' motion to dismiss the Second Adversary Proceeding, and stated:

> In its August 16th Order, the Court concluded that the [McWilliams] held a § 523(a)(3)(B) claim and that both this Court and the State Court had concurrent jurisdiction to determine whether the debt owed to the Creditors is nondischargeable under § 523(a)(2). This Court decided that it would not exercise its concurrent jurisdiction but rather allow the matter to be decided in the State Court. The Court reaches the same conclusion again, for the same reasons. The Creditors opted to sue in State Court and this Court will not disturb that decision. The Debtors in this Second Adversary Proceeding put forward the same exclusive jurisdiction argument that they offered in the First Adversary Proceeding. No new issue was raised.

[Filing No. 3-14 at 7-8.]

The pending appeal followed, in which the Muirs present the following issue to this Court:

> Whether the Bankruptcy Court erred in determining the McWilliams' claim against the Muirs falls within 11 U.S.C. § 523(a)(3)(B), conferring concurrent jurisdiction upon the State Court, instead of exclusive jurisdiction [upon] the Bankruptcy Court.

[Filing No. 5-1 at 3.]

### III.
### DISCUSSION

**A. Statutory Framework**

A Chapter 7 bankruptcy generally results in the discharge of all of the debtor's liabilities which arose prior to the filing of the bankruptcy petition. 11 U.S.C. § 727(b); *Hudgens v. New Equip. Leasing Inc. (In re Hudgens)*, 149 Fed. Appx. 480, 483 (7th Cir. 2005) ("'[A]fter surrendering his non-exempt property for the benefit of his creditors, the debtor is discharged from

- 4 -

what remains of most of the debts he owed as of the date the bankruptcy petition was filed'") (quoting *In re Turner*, 156 F.3d 713, 717 (7th Cir. 1998)). 11 U.S.C. § 521(1) and Fed. R. Bankr. P. 1007(a)(1) require the debtor to identify all creditors with unsecured, nonpriority claims on Schedule F of the Chapter 7 petition. The bankruptcy clerk then sends notice of the filing of the bankruptcy petition to all identified creditors. *See* Fed. R. Bankr. P. 2002.

"The primary purpose of the bankruptcy discharge is to give the debtor a 'fresh start.'" *In re Hudgens*, 149 Fed. Appx. at 483 (quoting *In re Chambers*, 348 F.3d 650, 653 (7th Cir. 2003)). The "fresh start," however, is only available to the "honest but unfortunate debtor," *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 966-67 (7th Cir. 1999) (citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)), and there are exceptions to discharge "when a debtor has been less than honest," *In re Hudgens*, 149 Fed. Appx. at 483. 11 U.S.C. § 523(a) provides nineteen exceptions to discharge – types of debt that are not automatically dischargeable in a Chapter 7 bankruptcy. At issue here is the type of debt listed in § 523(a)(3)(B), which applies when the debt is:

> [N]either listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit – (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request….

11 U.S.C. § 523(a)(3)(B).[2]

Section 523(a)(3)(B)'s purpose is to protect a creditor from the situation where a debtor fails to identify the creditor, and the creditor does not learn of the bankruptcy until after it is too late to object to the dischargeability of the debt. *See Nat'l Ass'n of Sys. Adm'rs, Inc. v. Avionics*

---

[2] The McWilliams are alleging a claim under § 523(a)(2). [*See* Filing No. 3-14 at 3.]

*Solutions, Inc.*, 2008 WL 140773, *9 (S.D. Ind. 2008) (§ 523(a)(3)(B) "is in place to protect a creditor's right to file a claim and be included in the bankruptcy resolution"); *Stark v. St. Mary's Hospital*, 717 F.2d 322, 324 (7th Cir. 1983).  Since a creditor may not meet the deadline for requesting a determination of dischargeability, the debt will not be discharged because the creditor was prejudiced.  *Nat'l Ass'n of Sys. Adm'rs, Inc.*, 2008 WL 140773 at *9.

At the heart of this appeal is the parties' dispute regarding whether the McWilliams' claim falls within § 523(a)(3)(B).  The outcome of that dispute, as discussed below, determines whether the Bankruptcy Court had concurrent or exclusive jurisdiction to decide whether the debt relating to the McWilliams' claim was dischargeable.

### B.  Applicability of § 523(a)(3)(B)

The Bankruptcy Court found that § 523(a)(3)(B) applied to the McWilliams' claim because "it makes no difference whether the omission was intentional or inadvertent," and "whether the debtor's omission was by design or by accident, the [McWilliams] were deprived of their right to file the appropriate nondischargeability complaint within the statutory time period under Fed. R. Bankr. P. 4007 and as such, § 523(a)(3)(B) provides their remedy."  [Filing 3-14 at 7.]  As a result, the Bankruptcy Court concluded, it had concurrent jurisdiction with the State Court and it declined to exercise jurisdiction because "[t]he [McWilliams] opted to sue in State Court and this Court will not disturb that decision."  [Filing 3-14 at 7.]

On appeal, the Muirs argue that § 523(a)(3)(B) does not apply to the McWilliams' claim because it is undisputed that the Muirs did not know about the claim when they filed their bankruptcy petition and until after their bankruptcy was discharged.  [Filing No. 5-1 at 10.]  The Muirs argue that the Bankruptcy Court's reasoning was flawed because: (1) the language of § 523(a)(3)(B), which states that it applies to claims not listed or scheduled "with the name, if

known to the debtor, of the creditor to whom such debt is owed," indicates that the debtor must know of the debt, and the Muirs did not; and (2) the Bankruptcy Court focused on the debtor's intent in omitting the debt, which is irrelevant if the debtor does not know about the debt. [Filing No. 5-1 at 12-13.] Additionally, the Muirs argue that the policy of § 523(a)(3)(B) is to prohibit "crafty" debtors from failing to schedule debts and having them discharged, but that policy does not apply here because the Muirs did not know about the debt. [Filing No. 5-1 at 14.] Rather, they argue, allowing the McWilliams' claim to fall under § 523(a)(3)(B) would deprive them of their "fresh start" under Chapter 7. [Filing No. 5-1 at 15.] Finally, the Muirs argue that even if there was concurrent jurisdiction, it was improper for the Bankruptcy Court to decline to exercise its jurisdiction when, among other reasons, the Muirs' Motion for Summary Judgment had been fully briefed. [Filing No. 5-1 at 16.]

In response, the McWilliams argue that § 523(a)(3)(B) applies to their claim because: (1) the phrase "if known to the debtor" only modifies the word "name" in the statute – in other words, the language means that if a claim is listed, the name of the creditor should be included if it is known to the debtor; (2) the Seventh Circuit Court of Appeals has not recognized any difference between known and unknown creditors for purposes of § 523(a)(3)(B); and (3) the debtor's mental state is not relevant for purposes of § 523(a)(3)(B). [Filing No. 9 at 10-11.] The McWilliams also argue that if § 523(a)(3)(B) does not apply, they are left with no remedy since "Section 523(c)(1) and Rule 4007 do not authorize the Court to extend the time within which a complaint to determine the dischargeability of debt must be filed, which is fixed by Rule 4007 as sixty (60) days following the initial date set for the meeting of creditors." [Filing No. 9 at 11.] The McWilliams assert that they did not know of the bankruptcy filing when the 60-day period

- 7 -

expired, and "it is now too late to request the opportunity to file an objection to the dischargeability of the debt under § 523(a)(2)." [Filing No. 9 at 11-12.]

On reply, the Muirs reiterate their argument that the lack of an intent requirement relates only to "known" debts. [Filing No. 10 at 5-6.] They also assert that to only apply the clause "if known to the debtor" to the word "name" is "nonsensical" and would actually undermine the McWilliams' claim for due process by encouraging debtors to vaguely list unknown claims (*e.g.*, by listing "everyone in the world that may have a claim against me") and having them discharged. [Filing No. 10 at 6.] The Muirs also point out that the McWilliams have received the due process they claim they have been denied, both through the Muirs' request for a stay of the State Court Action until the Bankruptcy Court could decide the issue of dischargeability, and through the Muirs' filing of the underlying action to determine dischargeability. [Filing No. 10 at 7.] The Muirs assert that the McWilliams did not raise a due process argument in response to either the Complaint or the Muirs' Motion for Summary Judgment in the underlying action, and thus have waived that argument. [Filing No. 10 at 9.]

While the Bankruptcy Court correctly found that the debtor's state of mind is irrelevant under § 523(a)(3)(B) – *i.e.*, the omission of the debt can be either inadvertent or intentional – it based its ruling on the faulty presumption that state of mind should be considered at all when the debtor did not know about the debt. It is undisputed that the Muirs did not know about the McWilliams' claim until the State Court Action was filed, which was well after the filing of their bankruptcy petition and also well after they received their bankruptcy discharge. Accordingly, the Bankruptcy Court erred by relying on the absence of a state of mind requirement in § 523(a)(3)(B) – the Muirs could not have either inadvertently or intentionally failed to disclose the McWilliams' claim when they did not know about it.

It does not appear that the Seventh Circuit Court of Appeals has explicitly stated that § 523(a)(3)(B) only applies to known debts, however it also has not explicitly stated that it applies to unknown debts.  Indeed, the cases relied upon by the Bankruptcy Court and the McWilliams to support the application of § 523(a)(3)(B) to unknown claims all involved debtors who knew about the debts and either inadvertently or intentionally omitted them from their Schedule F.  *See, e.g.*, *In re Karras*, 165 B.R. 636, 637 (N.D. Ill. 1994) (debtor failed to list debt he knew about and had incurred several years before filing bankruptcy petition); *Tidwell v. Smith (In re Smith)*, 582 F.3d 767, 770 (7th Cir. 2009) (debtor did not list claim relating to suit against him in state court, which was filed before bankruptcy petition).  Other courts outside of this Circuit, however, have found that a debtor must know about a debt for § 523(a)(3)(B) to apply.  *See, e.g.*, *In re Garland*, 501 B.R. 195, 199 (S.D. N.Y. 2013) ("Section 523(a)(3)(B) contains four conditions.  The creditor must be known to the debtor, the debt must not have been scheduled in time for the creditor to file a nondischargeability complaint, the creditor cannot have notice or actual knowledge of the bankruptcy case, and the debt must be 'of a kind' enumerated in paragraphs (2), (4), and (6) of section 523(a)"); *In re Wagner*, 2008 WL 1968803, *1 (N.D. Ia. 2008) (first requirement of § 523(a)(3)(B) is that "the creditor was known to the debtor"); *In re Lottes*, 226 B.R. 634, 637 (E.D. Mo. 1998) ("For a debt to be nondischargeable under Section 523 (a)(3)(B), the record must establish that a creditor known to the debtor was not listed, and that the debt is of a kind specified in paragraph 523(a)(2), (4) or (6).  The absence of any one of these requirements is dispositive of the inquiry.  Therefore, having determined that this Plaintiff was not known to the Debtor, it is not necessary to determine whether or not the debt is of a kind specified in paragraph 523(a)(2), (4) or (6)").

Applying § 523(a)(3)(B) only to claims known by the debtor is consistent with the statute's plain language, which states that it applies when the claim is not listed or scheduled "with the name, if known to the debtor, of the creditor to whom such debt is owed…." 11 U.S.C. § 523(a)(3)(B). The McWilliams' claim could never have fallen within § 523(a)(3)(B)'s parameters, because the Muirs could never have listed it on their Schedule F with the McWilliams' name since they did not know about the claim. The Bankruptcy Court erred in not recognizing this distinction, and instead in focusing on whether omission of the McWilliams' claim was inadvertent or intentional. It was neither, because the Muirs did not know about it.

The Court rejects any argument by the McWilliams that their due process rights would be violated if their claim falls outside of § 523(a)(3)(B) since "it is now too late to request the opportunity to file an objection to the dischargeability of the debt under § 523(a)(2)," and they "are left with no remedy." [Filing No. 9 at 11.] To the contrary, there has been ample opportunity for the McWilliams to obtain a dischargeability determination. First, the Muirs sought a stay of the State Court Action pending the Bankruptcy Court's determination of dischargeability. [First Adversary Proceeding at Filing No. 6.] The McWilliams resisted those efforts. [First Adversary Proceeding at Filing No. 10.] Second, when the Bankruptcy Court denied the Muirs' motion to stay, the Muirs filed the underlying action, requesting a dischargeability determination. [Filing No. 3.] The McWilliams opposed that effort as well. [*See* Second Adversary Proceeding at Filing No. 14.] The McWilliams also amended their Complaint in the State Court Action to add a claim of nondischargeability. [*See* Filing No. 3-14 at 3.] Based on the McWilliams' actions, their due process argument rings hollow.

Further, applying § 523(a)(3)(B) where the debtor does not know about the claim still would not provide the creditor with notice of the pending bankruptcy. For example, had the

Muirs listed a claim by an "unknown creditor" (since, again, they were not aware of the McWilliams' specific claim), the McWilliams still would not have received notice of the bankruptcy petition. The McWilliams had every opportunity to have a court (the Bankruptcy Court) determine whether the debt was dischargeable. They, and not the statutory scheme, were responsible for not allowing that to occur.[3]

In sum, § 523(a)(3)(B) does not apply to the McWilliams' claim because it was not known to the Muirs until after they received their bankruptcy discharge. The Bankruptcy Court erred in failing to recognize a distinction between claims known to the debtor and those not known. Instead, the Bankruptcy Court focused on whether omission of the McWilliams' claim was inadvertent or intentional, which is an irrelevant difference in the context of a debt unknown to the debtor.

### C. Jurisdiction

The Bankruptcy Court found that if the claim is a § 523(a)(3)(B) claim then there is concurrent jurisdiction with the State Court to determine dischargeability, but if it is not then the Bankruptcy Court has exclusive jurisdiction under § 523(c)(1).[4] [*See* Filing No. 3-14 at 4-5 (Bankruptcy Court noted that § 523(c)(1) provides it with exclusive jurisdiction to determine whether the debt is nondischargeable under §§ 523(a)(2), (4), and (6), unless the debt is governed by § 523(a)(3)(B)); Filing No. 3-14 at 7 (Bankruptcy Court stated "the Creditors held a § 523(a)(3)(B) claim and…both this Court and the State Court had concurrent jurisdiction to de-

---

[3] Because the Court rejects the McWilliams' due process argument in any event, it need not determine whether the McWilliams waived that argument by failing to raise it either in response to the Complaint or the Summary Judgment Motion in the underlying action.

[4] Section 523(c)(1) states: "Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

termine whether the debt owed to the Creditors is nondischargeable under § 523(a)(2)"); Filing No. 4 at 5 (Bankruptcy Court noted in First Adversary Proceeding that application of § 523(a)(3)(B) "removes…the bankruptcy court's exclusive jurisdiction….").] On appeal, the Muirs and the McWilliams appear to agree. [*See* Filing No. 5-1 at 6 (the Muirs stated that "[u]nder Section (c)(1), jurisdiction for determining whether a claim falls within Section 523(a)(2) ordinarily rests exclusively within the Bankruptcy Court. However, if a claim falls within the requirements [of] 11 U.S.C. § 523(a)(3)(B)…, jurisdiction for determining dischargeability of the subject claim can become concurrent with other courts"); Filing No. 9 (the McWilliams noted that there is concurrent jurisdiction for a claim falling under § 523(a)(3)(B)).]

The Court agrees with the Bankruptcy Court's finding that if § 523(a)(3)(B) does not apply, it has exclusive jurisdiction to determine dischargeability, and that if that provision does apply it has concurrent jurisdiction with the State Court. *See In re Guseck*, 310 B.R. 400, 404 (Bankr. E.D. Wis. 2004) ("One result of § 523(a)(3)(B) is to remove the deadline for filing nondischargeability complaints under Bankruptcy Code § 523(a)(2), (4) or (6). Another effect is to remove the exclusive jurisdiction of the bankruptcy court over the nondischargeability action. While bankruptcy courts have exclusive jurisdiction over § 532(a)(2), (4) and (6) actions, jurisdiction over all other § 523 actions is concurrent with the state courts"); *In re Mendiola*, 99 B.R. 864, 868 (Bankr. N.D. Ill. 1989) ("Section 523(c), by its own terms, does not apply to Section 523(a)(3)(B) claims. Therefore, the exclusive jurisdiction provisions of Section 523(c) are not applicable to the issue of dischargeability under Section 523(a)(3)(B)"). Accordingly, since the Court has found that the Bankruptcy Court erred in concluding that the McWilliams' claim fell within the parameters of § 523(a)(3)(B), the Court also finds that the Bankruptcy Court had exclusive jurisdiction to determine the dischargeability of the McWilliams' claim.

This appeal raises the narrow issue of whether the McWilliams' claim falls within § 523(a)(3)(B), such that the State Court had concurrent jurisdiction with the Bankruptcy Court to determine dischargeability.[5] The Muirs do not ask this Court to determine dischargeability, nor can it since that was not an issue decided by the Bankruptcy Court. Because § 523(a)(3)(B) does not apply to the McWilliams' claim, the Bankruptcy Court had exclusive jurisdiction to determine dischargeability. The Court **REVERSES** the Bankruptcy Court's January 16, 2014 Order, **REMANDS** the case to the Bankruptcy Court, and **ORDERS** the Bankruptcy Court to reinstate the Second Adversary Proceeding and to resolve the dischargeability issue on the merits.

## IV.
### CONCLUSION

The Court agrees with the Bankruptcy Court that if the McWilliams' claim falls within § 523(a)(3)(B), the State Court and the Bankruptcy Court would have concurrent jurisdiction to determine dischargeability of the debt associated with that claim, and that if it falls outside of § 523(a)(3)(B) the Bankruptcy Court would have exclusive jurisdiction to decide that issue. The Court disagrees, however, with the Bankruptcy Court's conclusion that the McWilliams' claim falls within § 523(a)(3)(B)'s parameters. Accordingly, the Court **REVERSES** the Bankruptcy Court's grant of the McWilliams' Motion to Dismiss and its dismissal of the Second Adversary Proceeding, and holds that the McWilliams' claim does not fall within § 523(a)(3)(B) because the Muirs did not know about it until after receiving their Chapter 7 discharge. As a result, the Bankruptcy Court has exclusive jurisdiction to determine whether the debt associated with the McWilliams' claim is dischargeable, and the Court **REMANDS** this matter to the Bankruptcy

---

[5] The Muirs also argue that, even if there was concurrent jurisdiction, it was inappropriate for the Bankruptcy Court to decline to exercise its jurisdiction and instead defer to the State Court. [Filing No. 5-1 at 16.] Because the Court finds that there was not concurrent jurisdiction, but rather the Bankruptcy Court had exclusive jurisdiction, it need not address this argument.

Court and **ORDERS** the Bankruptcy Court to reinstate the Second Adversary Proceeding and to resolve the issue of dischargeability on the merits.

**<u>Distribution via ECF only to all counsel of record</u>**